JOHN C. DUVALL, Respondent, v. JOHN J. MASTIN
et al., Appellants.

Kansas City Court of Appeals, January 9, 1888.

PRACTICE—BILL OF EXCEPTIONS—TIME FOR FILING AFTER TERM, ALLOW-
ABLE AT TRIAL TERM.—The statute (Laws of Mo. 1885, p. 214)
authorizes the trial court, by an order entered of record, to permit
the party saving the exceptions to file a bill of exceptions after the
term of court at which they are taken, specifying the time within
which it may be done. But after the adjournment of the trial
term, the court has no power, at a succeeding term, to extend the
time of filing the bill of exceptions. (Reaffirming City of Kansas
to use v. Allen, ante, p. 132).

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

Affirmed.

The case is sufficiently stated in the opinion of the
court.

T. A. FRANK JONES, for the appellants.

C. S. OWSLEY and JAMES GIBSON, for the respondent.
I.    There is no bill of exceptions in this case that
this court will pass upon.    The cause was tried at the
October, 1886, term of the circuit court, it being January
3, 1887.    The motion for a new trial was filed at the same
term, it being January 4, 1887.    At the January, 1887,
term of court, it being January 15, 1887, the motion for
a new trial was overruled, and bond and affidavit for
appeal filed, and appeal allowed.    At the same January,
1887, term, the same being March 26, 1887, the court
made an order of record allowing appellants till May 1,
1887, to file their bill of exceptions.    The bill of excep-
tions was filed May 11, 1887.    It was not filed during the
term at which the motion for a new trial was overruled,
nor in the term prescribed by the order entered of record

by the court at said term. *Hurt v. King*, 24 Mo. App. 593, 597; *Ellis v. Andrews*, 25 Mo. 328; *Dale v. Patterson*, 63 Mo. 98; *West v. Fowler*, 59 Mo. 40; *Ruble v. Thomasson*, 20 Mo. 263; *Wilcoxson v. McBride*, 23 Mo. 404; *Sutton v. Streit*, 21 Mo. 158; *State v. McO' Blenis*, 21 Mo. 273; *Farrar v. Finney*, 21 Mo. 571.

II. The record proper shows no consent whatever of respondent that the bill of exceptions might be filed May 11, 1887. The consent referred to by appellants in their additional brief was endorsed on the bill of exceptions, and was simply a statement as to the correctness of the bill—that and nothing more. It is but the usual statement made by attorneys on a bill of exceptions for the information of the circuit judge. *Ruble v. Thomasson*, 20 Mo. 263; *West v. Fowler*, 55 Mo. 300; *Ellis v. Andrews*, 25 Mo. 327; *West v. Fowler*, 59 Mo. 40.

T. A. F. Jones, in reply.

I. The authorities cited by the attorneys for respondent in support of their objection to the bill of exceptions hold that the bill of exceptions cannot be filed after the date fixed by the circuit court except by agreement of parties, and some of them hold that this agreement must appear in the record. But in this case, as appears from the copy of the record on the preceding page, there not only was such an agreement, but it is a part of the bill of exceptions itself, and thus a part of the record. Rev. Stat., sec. 3639.

II. The following affidavit, on file in this court, is here copied to show, if it is admissible to do so, why the bill of exceptions was not filed in the time fixed by the circuit court :

" John C. Duvall, *Respondent,*

" *vs.*

" John J. Mastin *et al., Appellants.*

" T. A. Frank Jones, being duly sworn, on oath says that he prepared the bill of exceptions in the above entitled cause as attorney for the appellants, and had it

ready and submitted it to the attorneys for respondent
before May 1, 1887; that the latter had it in their pos-
session for a considerable length of time, extending
beyond May 1, 1887, on the agreement, as affiant under-
stood, that they would consent to its being filed after
that time ; that, in fact, they did so consent, after sug-
gesting some alterations in the bill of exceptions, which
affiant accepted.    Affiant is further confirmed in his
positive recollection about these matters by the fact that
the original bill of exceptions shows that it was made
ready for the signature of the judge of the circuit court
on March 26, 1887, that date having been marked out
and May 11, 1887, having been substituted, when it was
actually signed.

"T. A. FRANK JONES.

" Subscribed and sworn to before me this second
day of December, 1887.

"F. C. FARR,
" Clerk K. C. Court of Appeals,
"By S. K. FARR, D. C."

PHILIPS, P. J.—This is an action founded on a con-
tract for the sale of certain real estate in Kansas City,
Missouri. The plaintiff recovered judgment in the lower
court, from which defendants have appealed.    Respond-
ent makes the point that there is no bill of exceptions in
the record which this court can consider.    The record
shows that this cause was tried at the October term, 1886,
of the circuit court, it being on the third day of January,
1887.    On the fourth day of January, 1887, the motion
for a new trial was filed.    This motion went over to the
next term of court.    On January 11, of the January
term, 1887, the motion for new trial was overruled by
the court.    On the twenty-sixth day of March following,
the court made an order allowing the defendants to file
bill of exceptions on or before the first day of May fol-
lowing, which was during the next term of court.    The
record shows that this bill of exceptions was not signed
by the judge and filed until the eleventh day of May,

1887. On this state of the record the bill of exceptions was confessedly filed out of time, and as such stands as no bill of exceptions. *Kansas City to use v. Allen, ante,* p. 132. Appellants seek to avoid this effect of their delay, by an affidavit filed herein by their attorney, which states, in substance, that he prepared the bill of exceptions within the prescribed time, and handed it to the opposing attorneys for inspection ; that they retained the same in their possession until after the first day of May, and then wrote on it the following : "Consent : C. A. Owsley, Att'y." The affiant further states that he understood that counsel were consenting that he might so file the same on the eleventh day of May. On the other hand, counsel for respondent insist that the endorsement of "consent" by Mr. Owsley on the bill, was merely the usual form of expressing the assent of counsel to the correctness of the facts as set out in the bill. Be this as it may, the statute (Laws Mo. 1885, p. 214, 215) authorizes the trial court, by an order entered of record, to permit the party saving the exceptions to file a bill of exceptions after the term of court at which they are taken, specifying the time within which it may be done. In the case of *Kansas City to use v. Allen* (*supra*) we held that, after the adjournment of the trial term, the court has no power at a succeeding term to extend the time of the filing of the bill of exceptions. The court did not, in the case at bar, even attempt to extend the time.

But it is insisted by appellants that the endorsement, above mentioned, made by Owsley, of counsel for respondent, had the effect to waive the objection as to the failure to file on the first day of May. In the first place, we are unable to find, from the mere words employed by the attorney, that it was intended to give consent to the filing of the bill of exceptions out of time. And in the next place, we question whether the mere consent of the attorney could have such effect. As the law stood prior

to the act of 1885, it required both the consent of the attorneys in the cause and that of the court, entered of record, to authorize a bill of exceptions to be filed after the term of court at which leave was taken. It is the later ruling of the court, under the old statute, that the consent of the court was implied by the entry of leave granted, but the consent of both parties was still essential, and this assent must appear of record. But we know of no law or ruling that would authorize an extension of the time, in vacation, or after the end of the term, by a mere agreement, or understanding, *in pais*, between the attorneys.

We say nothing of the case of fraud or deception practiced by one attorney upon another, by which the filing of the bill of exceptions in time is prevented. No such question is presented here. This case stands before us on the record as it comes from the circuit court. By it there is no bill of exceptions before us. And as all the errors complained of by appellants are such as can only be preserved in the bill of exceptions, this appeal must fail.

It follows that the judgment of the circuit court is affirmed. All concur.